VIRGINIA KID COMPANY, a corporation existing under the laws of Virginia, vs. NEW CASTLE LEATHER COMPANY, RICHARD PATZOWSKY, ALDEN B. SLEEPER and ROBERT E. BINGER, late trading under the firm and style of NEW CASTLE LEATHER COMPANY, PATZOWSKY, SLEEPER and BINGER, Proprietors.

1.  SALES—PASSING OF TITLE—RIGHT TO INSPECT.

A buyer's right to inspect a machine, and reject the same if not in accordance with the contract, does not prevent the transfer of title and risk to the buyer, on the delivery of the machine to the carrier for transportation to the buyer.

2.  SALES—WARRANTY—WHAT CONSTITUTES—AFFIRMATION OF FACTS.

Every affirmation by a seller, at the time of a sale, as a fact and as an inducement to the sale, if relied on by the buyer, amounts to a warranty.

3.  SALES—CHARACTER OF ARTICLES—PARTICULAR USE—IMPLIED WARRANTY.

Where an article is sold for a particular use, there is an implied warranty that the article is fit for the purpose, and, if it is of no use whatever for that purpose, there is a total failure of consideration for the contract.

4.  SALES—RIGHTS OF BUYER—INSPECTION.

Where a buyer received a machine from a carrier, the buyer had a reasonable time within which to inspect it and determine whether it complied with the conditions of the contract, and if, after such examination, it was decided that the parts did not conform to the conditions, it might be returned; but if such right is not exercised within a reasonable time it is waived.

5. SALES—CONTRACT—MEETING OF MINDS.

Plaintiff purchased a machine about April 6, 1906, and used it at intervals, about six months, in a period of two years. Thereafter plaintiff sold it to defendant under a representation that the machine had only run about six months and was as good as new. *Held*, that such representation was ambiguous, and, if defendants were authorized therefrom reasonably to understand that the machine was new about six months before the date of the representation, and with such understanding purchased the machine, then there was no meeting of the minds, and no contract of sale.

(*November* 17, 1913.)

Judges BOYCE and RICE sitting.

*Reuben Satterthwaite, Jr.*, for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, November Term, 1913.

ACTION OF ASSUMPSIT (No. 81, September Term, 1913) by the Virginia Kid Company against the New Castle Leather Company and others to recover the purchase price of a leather seasoning machine on the common counts, with a bill of particulars, apprising the defendant of a single item of demand, to wit: "January 12, 1910. One Slocomb seasoning machine, $1,000.00. Int. from February 1, 1910."

Pleas, non assumpsit, payment, and statute of limitations; non assumpsit relied upon. The facts and contentions of the parties appear in the charge of the court. See 2 *Boyce*, 327, 80 *Atl.* 241.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by Virginia Kid Company, Incorporated, against Richard Patzowsky, Alden B. Sleeper and Robert E. Binger, late trading under the firm name of New Castle Leather Company, to recover the sum of one thousand dollars with interest from February 1, 1910, for a certain machine alleged to have been sold by the Mattoax Leather Company for and on account of the Virginia Kid Company, under an agreement entered into between the parties. It is conceded that at the time of the alleged sale the plaintiff was the owner of the machine, and that the Mattoax Leather Company acted as the agent of the plaintiff; hence the contract entered into by the Mattoax Leather Company is deemed to be the con-

tract of the plaintiff. It further appears that the negotiations with the defendants were first begun by one Beckett, a broker in Massachusetts, as representative of the Mattoax Leather Company. It is not denied that the Mattoax Leather Company for the Virginia Kid Company delivered the machine to a common carrier at Petersburg, Virginia, for transportation to the plaintiff, in this city, and that the same has not been paid for.

The contract in this case is particularly evidenced by the following letters: The first is dated Petersburg, Va., November 15, 1909, and reads:

"The New Castle Leather Company, Wilmington, Del.

"Gentlemen: We are in receipt of a letter from Mr. Geo. P. Beckett, of the Peabody Leather Machinery Company, of Peabody, Mass., with a copy of a letter from you inclosed; in which you state that, if we will guarantee the Slocomb serial table seasoning machine to be as good as new, we can ship it to you for delivery about January 1st.

"We will guarantee to ship you all the parts of this machine in an unbroken condition, and will guarantee that none of them will show but very little wear; and in our opinion the machine will do just as good work now, as when new. This machine has only run about six months and we are sure that it is just as good as new, but the mere fact that it has been run at all, and the question, which might arise from so broad a guaranty, prevents us from guaranteeing it just in the way you ask.

"Mr. Beckett informs us, that the price agreed on with you is one thousand dollars net cash, f. o. b. Petersburg, which we will protect; and await your reply, stating that you will accept the machine, with the guarantee as above stated. Should you wish to send a representative to examine it, he would only lose one day in coming to Petersburg and returning to Wilmington.

"Yours very truly,

"Mattoax Leather Company,

"Per B. V. Jones."

The second is dated Wilmington, Del., November 16, 1909, and reads:

"Mattoax Leather Co., Inc., Petersburg, Va.

"Gentlemen: As written to Mr. Beckett, we will not be in need of that seasoning machine until January fifteenth of next year, and we therefore do not wish to purchase same before that, as we have absolutely no room for it. If you intend to hold that machine for us until that time and guarantee same to be in perfect order, you may ship it to us at that time, and we will send check to you as soon as the machine is in operation and found to be in good order.

"Yours truly,
"New Castle Leather Co.,
"R.　Patzowsky."

The third is dated Petersburg, Va., November 17, 1909, and reads:

"The New Castle Leather Co., Wilmington, Del.

"Gentlemen: We are in receipt of your favor of the sixteenth instant, and note that you can take the seasoning machine about January 15, 1910; and we accordingly, confirm sale to you of our Slocomb serial table seasoning machine, at one thousand dollars, f. o. b. Petersburg, to be delivered to you about January fifteenth, same guaranteed by us to be in good order; terms net cash, after examination of same by you.

"Yours very truly,
"Mattoax Leather Company, Inc.,
"By B. F. Jones, Secr'y & Treas."

Other letters bearing upon the controversy between the parties have been admitted in evidence, and they are before you.

The letters which we have just read to you constitute a contract between the parties, who are bound by the terms thereof.

[1-3] We may say at the outset that the property passed to the buyers upon the delivery of the goods to the carrier, but the buyers had a right to inspect the machine when it reached them, and reject it if it was not in accordance with the contract. This right, however, did not prevent the transfer of title and of risk to the buyer at the time of the delivery to the carrier; and if you

27 Del.]  VIRGINIA KID CO. vs. NEW CASTLE LEATHER CO.  515

Charge.

are satisfied under the evidence that the plaintiff delivered the entire machine, and all its parts, to the carrier according to the terms and conditions of the contract, then the plaintiff cannot be held responsible for the loss or miscarriage of any of the parts in transportation. Under this contract the machine was warranted by the plaintiff to be in good order and that none of the parts would "show but very little wear". This court has said that every affirmation made at the time of the sale as a fact and as an inducement to the sale, if the buyer relies upon such affirmation, amounts to a warranty. Whether the opinions of the plaintiff and its statements with regard to the machine as expressed in its letters are also warranties depends upon whether the defendants were induced to enter into the contract by reason thereof. This is for you to determine from all the evidence. We might add that, when one person sells an article to another for a particular use, there is an implied agreement or warranty that the article so sold shall be fit for that purpose, and that if the article is of no use whatever for the purpose for which it is intended, there is a total failure of consideration for the alleged contract of sale.

[4] After the defendants received the machine, or as much of it as they did receive, they were by the law allowed a reasonable time within which to inspect the same and to determine whether it conformed to the conditions of the contract. Even if, as we have said before, you find that the plaintiff did deliver the entire machine to the carrier, and if you find that only certain parts of it were received by the defendants, nevertheless, the defendants had the same reasonable time within which to examine the parts so received, as they would have had if they had received all of the machine; and if, after such examination, they decided that the parts received did not conform with the conditions of the contract they had a right to return them. Whether under all the circumstances the examination in this case was made within a reasonable time is a question of fact for you to determine. With regard to what constitutes a reasonable time for examination, the law is that it must be done without undue delay and with as much promptitude and dispatch as the circum-

stances seem to demand.  If you find that the defendants did not exercise their right of examination within such reasonable time, then the law regards the right as waived and your verdict must be for the plaintiff; but, on the other hand, if you are satisfied that the examination was made within such reasonable time, you must then determine whether the machine, or the parts of the machine received met the conditions of the contract.  If the examination was so made and if the terms of the contract were met, then your verdict should be for the plaintiff; but if the examination was so made and if the terms of the contract were not met, then if the defendants notified the plaintiff of their rejection of the machine within a reasonable time, your verdict should be for the defendants.

[5]  It is admitted that the plaintiff bought the machine about April 6, 1906, and used it, at intervals, about six months in a period of two years thereafter.

The defendants claim that by the statement in the plaintiff's letter of November 15, 1909, to the effect that "this machine has only run about six months and we are sure it is just as good as new," they understood that the machine was new about six months before the date of said letter.

The statement referred to is ambiguous and what was meant thereby we leave to you to determine under all the evidence. If you find that this statement induced the defendants to buy the machine, then it amounted to a warranty to the extent of its meaning.  If in your opinion the defendants might reasonably have understood the statement to mean that the machine was new about six months before the date of said letter, and if with that understanding they were induced to buy the machine, then there was no meeting of the minds of the parties to this action, and hence no contract of sale between them, and the defendants are not liable.

We think we have now instructed you upon the law applicable to the facts of this case.

Verdict for plaintiff.